**JUDGE PAULEY**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**14 CV 6511**

---

MICHAEL TIMMONS,

           Plaintiff,

    -against-

THE CITY OF NEW YORK, and Police
Officer Quinton Vanwynen and Police
Officer Randy Rose, both individually and
as members of the New York City Police
Department.

           Defendants.

---

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**



RECEIVED
AUG 14 2014
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, MICHAEL TIMMONS, by his attorney, STANISLAO A. GERMÁN, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK and Police Officers Quinton Vanwynen and Randy Rose of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory and common laws of the State of New York.

3.  Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4.  Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5.  Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6.  At all times relevant hereto, Plaintiff  was and is a resident of Bronx County in the State of New York, in the Southern District of New York, of African-American heritage.

7.  At all times relevant hereto, Defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8.  Defendants Police Officer Quinton Vanwynen and Police Officer Randy Rose, are and were at all times relevant to this action, police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law.  They are being sued in both their individual and official capacity.

9.  At all times relevant hereto and in all their actions described herein, the Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and

2

agents of the NYPD within the scope of employment and incidental to their otherwise

lawful duties and functions as employees, servants, agents and police officers.

10.  NYC was responsible for the hiring, training, supervision, discipline, retention and

promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. On January 7th, 2011, at approximately 10:30 a.m. Mr. Timmons was walking along

110th Street and Lexington Avenue in Manhattan when he was approached by two

uniformed officers in a yellow cab.

12. At the time, Mr. Timmons had just finished working and was speaking with some co-

workers when he was questioned by the officers regarding the contents of his bag.

13. One of Mr. Timmons' co-workers substantiated that they were simply finishing work

and they continue to walk along the sidewalk.

14. The officers continue to harass Mr. Timmons when they suddenly exit the vehicle,

handcuff Mr. Timmons and thrown him to the ground.

15. Mr. Timmons' hat was over his eyes and he could not see but one of the officers

placed their knees on his back and behind his head.

16. Mr. Timmons was then lifted up and slammed on the trunk of the car and his face

struck the corner of the car.

17. As a result of the officers' actions, his face swelled-up and he received a scar below

his right eye.

18.  While at the scene a second police unit arrived with two female officers who

indicated to him "it's not us."

19. Mr. Timmons was held in custody for approximately 24 hours.

20. When Mr. Timmons appeared before the New York City Criminal Court he was arraigned on the false charges of disorderly conduct and resisting arrest.

21. At his arraignment Mr. Timmons was released on his own recognizance without bail.

22. After his arraignment, Mr. Timmons went to North Central Hospital in Bronx County for his injuries.

23. Over the course of the ensuing six months, Mr. Timmons returned to court and refused all efforts to plea bargain his case.

24. The case went to trial where both Mr. Timmons and the police officers testified.

25. The presiding Judge did not find the officers testimony credible and on August 18th, 2011, Mr. Timmons was found not guilty of all charges.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

26. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 25 with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

28. All of the aforementioned acts deprived Plaintiff, Michael Timmons, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

29. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

4

30. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

32. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

33. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 32 with the same force and effect as if fully set forth herein.

34. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF:
## FALSE AREST/FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 34 with the same force and effect as if fully set forth herein.

36. As a result of Defendants' aforementioned conduct, Plaintiff, Michael Timmons, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

37. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

38. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of many members of the community.

### FOURTH CLAIM FOR RELIEF: MALICIOUS PROSECUTION UDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 38 with the same force and effect as if fully set forth herein.

40. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

41. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

42. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

43. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

44. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

45. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

46. The criminal proceedings were terminated in Plaintiff's favor on or about August 18th, 2014, when the charges against him were dismissed and sealed.

6

## FIFTH CLAIM FOR RELIEF:
## ASSAULT UNDER 42 U.S.C. § 1983

47. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 46 with the same force and effect as if fully set forth herein.

48. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

49. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable and unprovoked.

50. As a result of the excessive force and brutality, Plaintiff sustained substantial pain and bruising and swelling about his body.

51. All of the aforementioned acts of Defendants constituted negligence under the laws of the State of New York and they are liable for said damage.


## SIXTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

52. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 51 with the same force and effect as if fully set forth herein.

53. Defendant Police Officer Quinton Vanwynen and Police Officer Randy Rose, arrested Michael Timmons despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

54. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

7

55. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

56. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

57. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

58. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

60. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff Michael Timmons.

61. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

62. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

63. All of the foregoing acts by Defendants deprived Plaintiff Michael Timmons of federally protected rights, including, but not limited to, the right:

      a. Not to be deprived of liberty without due process of law;

      b. To be free from seizure and arrest not based upon probable cause;

      c. To be free from unlawful imprisonment;

      d. To be free from unwarranted and malicious criminal prosecution;

      e. To be free from intentional assault and infliction of emotional distress;

      f. Not to have cruel and unusual punishment imposed upon him; and

      g. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of TWO HUNDRED AND FIFTY THOUSAND ($250,000.00) DOLLARS.

2. Punitive damages in the amount of TWO-HUNDRED AND FIFTY THOUSAND ($250,000.00) DOLLARS.

9

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.


DATED:     New York, New York
            August 14, 2014

Respectfully submitted,

Stanislao a. Germán (SG 7914)
Attorney for Plaintiff
233 Broadway, Suite 2370
New York, New York 10279
(212) 986-6776
SGerman@SGcounselors.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL TIMMONS,

Plaintiff

-against-

THE CITY OF NEW YORK, and Police Officer
QUINTON VANWYNEN, Shield #18259,
Police Officer RANDY ROSE, Shield #13886 and
Police Officers "JOHN DOE" #1-4,
(the name "John Doe" being fictitious as the
true names are presently unknown), both
individually and as members of the New York
Police Department.

Defendant.

---

COMPLAINT AND DEMAND FOR JURY TRIAL

---

Law Office of Stanislao A. German
Stan A. German, Esq.
233 Broadway, Suite 2370
New York, New York 10279
(212) 986-4776